**WO**                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony R. Ramirez,            )<br>              Plaintiff,       )<br>vs.                              )<br>Sergeant Hadsal, et al.,       )<br>              Defendants.    )<br>                                       ) | No. CV 11-0737-PHX-GMS (JRI)<br><br>**ORDER** |

Plaintiff Anthony R. Ramirez, who was then-confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, filed a complaint in Maricopa County Superior Court, matter No. CV2010-013014, in which he alleged violations of his federal constitutional rights.[1] (Doc. 1-1.) Three of the five Defendants were served with the Complaint on March 30, 2011 and removed this action to federal court on April 4, 2011. (Doc. 1.) The Complaint facially supports that subject matter jurisdiction is proper in federal court. (Id.) The Defendants who have appeared in the action have filed a motion to substitute attorneys, which will be granted. (Doc. 6.) The Court will order Defendant Hadsal to answer the Complaint and will dismiss the remaining Defendants without prejudice.

**I.    Removal to Federal Court was Proper**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that could

---

[1] Plaintiff is now confined in the Lewis Complex, Eagle Point. (Doc. 7.)

**TERMPSREF**

1. have originally been brought in federal court may be removed from state to federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A notice of removal of a civil action "shall be filed" within 30 days after receipt by a defendant, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b).

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violation of his federal civil rights. 28 U.S.C. §§ 1441, 1442. Further, the record reflects that three of the five Defendants were served with the Complaint on March 30, 2011 and removed this case within 30 days of that date. See 28 U.S.C. § 1446(b).

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
3  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
4  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
5  allegations may be consistent with a constitutional claim, a court must assess whether there
6  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

7  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
8  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
9  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
10 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
11 94 (2007) (*per curiam*)).

12 **III.   Complaint**

13 Plaintiff alleges violation of his federal civil rights. He sues Maricopa County Sheriff
14 Joseph M. Arpaio and the following Maricopa County Sheriff's Office employees: Sergeant
15 Hadsal; Lieutenant Leslie; Officer John Doe (badge A5765); and Jail Commander (A3343).
16 Plaintiff seeks injunctive, compensatory, and punitive relief.

17 Plaintiff alleges the following facts in his Complaint: At relevant times, Plaintiff was
18 50 years old and wore tinted, prescription eyeglasses with plastic lenses and frames. Plaintiff
19 was confined in Maricopa County's Lower Buckeye Jail (the Jail) in Phoenix, Arizona. On
20 November 20, 2009, Plaintiff met with representatives of the American Civil Liberties Union
21 (ACLU), who were touring the Jail in connection with Graves v. Arpaio, No. CV77-0479-
22 PHX-NVW, about conditions at the Jail.[2] Sergeant Hadsal observed Plaintiff speaking to the
23 ACLU representatives and looked displeased. Three hours later, Hadsal led six other officers

---

[2] Plaintiff repeatedly refers to Graves v. Arpaio, No. CV77-0479, in which the Court ordered prospective relief against Arpaio concerning ongoing conditions for pretrial detainee at County jails. Many inmates apparently believe that they may receive an immediate payout from a fund established in that class action. No such fund exists. The inmates in Graves asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

1   into Plaintiff's cell, threatened to tase him, and took his eyeglasses. At least one other inmate
2   in the Jail also wore tinted eyeglasses, but his eyeglasses were not confiscated. Hadsal did
3   not provide Plaintiff with a property receipt as required by Jail rules until Plaintiff made two
4   requests for one.

5   Plaintiff submitted a grievance the same day. On December 1, 2009, Officer A5765,
6   responded that glasses were not medically authorized and were therefore seized. Plaintiff
7   appealed to Lieutenant Leslie. Leslie repeated the earlier response and stated that because
8   Plaintiff had reading glasses and would not be driving in jail, he did not need his prescription
9   glasses for distance. The Jail Commander stated, apparently on appeal from Leslie's finding,
10  that glasses had to be made of plastic. Plaintiff's glasses were. An external referee affirmed
11  but noted an exception where Correctional Health Services (CHS) had authorized glasses.

12  Meanwhile, Plaintiff sought authorization or replacement of his eyeglasses because
13  he was suffering from eye strain and headaches due to the deprivation of his glasses. After
14  obtaining a copy of his prescription from an outside doctor, the medical department stated
15  on December 15, 2009, that it would authorize glasses. Plaintiff did not receive the
16  authorization until late December, which authorized him to possess tinted, eyeglasses, but
17  his glasses were not returned to him. On January 5, 2010, Sergeant Hadsal wrote Plaintiff
18  up for using rags to clean his cell, which Plaintiff contends was retaliation for his persistence
19  in attempting to have his glasses returned. A bureau hearing officer dismissed the
20  disciplinary.

21  After transferring the Arizona Department of Corrections (ADC), Plaintiff sought
22  permission to have his glasses mailed to him there or to be provided with a new pair of
23  glasses. On April 11, 2010, Plaintiff submitted a Health Needs Request (HNR) for glasses
24  due to excruciating pain from not wearing glasses. Plaintiff submitted another HNR on May
25  24, 2010 requesting the same relief.

26  **IV.    Failure to State a Claim**

27  Section 1983 provides a cause of action against persons acting under color of state law
28  who have violated rights guaranteed by the United States Constitution and federal law. 42

1  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). To
2  state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about
3  which he complains was committed by a person acting under the color of state law and (2)
4  the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander,
5  879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific
6  injury as a result of the conduct of a particular defendant and he must allege an affirmative
7  link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362,
8  371-72, 377 (1976).

### A. Arpaio

Plaintiff also sues Sheriff Arpaio. While Arpaio may be properly sued, Plaintiff fails to allege any facts or to state a claim against him. To state a claim against a defendant under § 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that Arpaio has been found responsible for retaliatory conduct or other misconduct in various cases filed against him. Plaintiff fails, however, to allege facts to support that any violation of Plaintiff's constitutional rights resulted from any policy, custom, or practice promulgated or endorsed by Arpaio. He also has not alleged facts to support that Arpaio directly violated his constitutional rights or that Arpaio was aware that

1 Plaintiff's rights were being violated but failed to act. Plaintiff thus fails to state a claim
2 against Arpaio and he will be dismissed.

3       **B.**      **Leslie, Doe (A5765), and Jail Commander (A3343)**

4       Plaintiff also sues Lieutenant Leslie, Officer Doe, and a Jail Commander. The only
5 facts alleged against these Defendants is that they denied Plaintiff's grievance and grievance
6 appeals. Plaintiff does not allege facts to support that any of them did so in order to retaliate
7 against Plaintiff or for any other illicit purpose. Where a defendant's only involvement in
8 allegedly unconstitutional conduct is the denial of administrative grievances, the failure to
9 intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not
10 amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199
11 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL
12 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP,
13 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009). Because Plaintiff only alleges that these
14 Defendants denied his grievance or grievance appeals, he fails to state a claim against them
15 and they will be dismissed.

16 **V.**     **Claims for Which an Answer Will be Required**

17       Plaintiff alleges that Sergeant Hadsal retaliated against him for speaking with ACLU
18 representatives concerning conditions of confinement at the Jail and that Hadsal treated him
19 differently than similarly-situated inmates because Plaintiff had done so in violation of Equal
20 Protection. Plaintiff sufficiently states a claim for retaliation and violation of Equal
21 Protection and Hadsal will be required to respond to the Complaint.

22 **VI.**     **Warnings**

23       **A.**      **Release**

24       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
25 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
26 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
27 in dismissal of this action.

28 / / /

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants' motion to substitute counsel is **granted**. (Doc. 6.)

(2)    Defendants Arpaio, Leslie, Doe (A5765), and Jail Commander (A3343) are **dismissed** without prejudice.

(3)    Defendant Hadsal must answer Plaintiff's claims for retaliation and violation of Equal Protection.

(4)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Hadsal.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of May, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge