# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony R. Ramirez,<br>Plaintiff<br>-vs-<br>Unknown Hadsal, et al.,<br>Defendants. | CV-11-0737-PHX-GMS (JFM)<br><br>**Order** |

Under consideration are Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. 30) and Motion for Continuance (Doc. 31), filed February 27, 2012. Although briefing on the motions is not complete, the Court finds that further briefing is not necessary to a fair adjudication of the motions.

## APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel, citing as cause the breakdown of settlement negotiations and anticipation of trial, and Plaintiff's *pro se* status with limited legal resources available. (Although Plaintiff casts his motion as one for reconsideration, the Court has not ruled on a request for counsel by Plaintiff, but merely observed that none had been filed in this Court since removal from state court.)

Under the controlling law in the Ninth Circuit, neither the Constitution nor 28 U.S.C. § 1915(e)(1) justify appointment of counsel for Plaintiff.

**1. No Constitutional Right to Counsel**

Plaintiff establishes no constitutional right for an indigent to have appointed

1

counsel in a civil case. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) is the oft cited authority in the Ninth Circuit for the polemic that there is no constitutional right to counsel in a civil rights proceeding. However, *Aldabe* engaged in no analysis of Equal Protection or any other constitutional mandate. Rather, the court simply noted that the plaintiff "cites no authority supporting the existence of a constitutional right to counsel in such a situation" and thus turned to 28 U.S.C. § 1915(d) to look for a basis for appointment. Similarly, Plaintiff here offers no authority for a finding of such a constitutional right.

**2. Constitutional Right of Access to Courts Does Not Require Appointment**

Plaintiff is beyond the point in this case where Plaintiffs' "right of access" requires appointment of counsel. It is established "beyond doubt" that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that is "adequate, effective, and meaningful." *Id*. at 822.

It is true that the "right of access" can require access to a law library. In *Bounds*, the Court posed the question as "whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id*. at 825. The Court noted that if the state files a response to a *pro se* pleading, "it will undoubtedly contain seemingly authoritative citations" and without a library, an inmate will be unable to rebut the state's argument. *Id*. at 826. The Court therefore held, "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828.

However, "[i]nsofar as the right vindicated by Bounds is concerned, 'meaningful access to the courts is the touchstone', and the inmate must therefore demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citations omitted). The Constitution does not require that prisoners be able to "conduct generalized research, but only that they be able to present their grievances to the courts." *Id*. at 360.

The Ninth Circuit has held that the constitutional right of access to the courts requires that the state provide assistance only through the pleading stage, including preparation of a reply to an answer, if the court orders a reply. *Cornett v. Donovan*, 51 F.3d 894, 899 (1995). This case is beyond the pleading stage and accordingly Plaintiff's right of access is not at issue.

### 3. Limited Discretion to "Request" Counsel under 28 U.S.C. § 1915(e)(1)

28 U.S.C. § 1915(e)(1) confers on the court the discretion to "request" counsel to represent an indigent civil litigant. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe*, 616 F.2d at 1093. But this circuit has limited the exercise of that power to "exceptional circumstances", based upon such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

That standard seeks to identify which, among the thousands of prisoner civil rights cases filed ever year, warrant the extraordinary remedy of providing counsel to a party in a civil proceeding. The two key circumstances examined to identify such exceptional cases, are the likelihood of success on the merits seeks to answer whether the appointment is a worthwhile investment of resources, and complexity of the issues

3

answers whether the investment is necessary.

Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

**Likelihood of Success**: Evaluating the likelihood of success of a matter based on the pleadings and motions requires of necessity a good portion of speculation by the Court. While the Court is certainly not in a position to "try the case," it must still predict the likelihood that the Plaintiff will ultimately succeed in his suit based on the nature of the claims and the defenses raised. Here, Plaintiff offers nothing to demonstrate a likelihood of success on the merits.

Plaintiff's claims arise from the confiscation of his tinted glasses while confined in the Maricopa County Jail. Plaintiff asserts Defendant confiscated the glasses in retaliation for Plaintiff speaking with ACLU representatives, while allowing other inmates with tinted glasses to retain them. Plaintiff's claims are for retaliation and violation of equal protection. (Screening Order 5/27/11, Doc. 8.)

Defendants have asserted a denial of liability, arguing that the sunglasses were confiscated pursuant to an established security policy and not in retaliation. (Joint Discovery Planning Report, Doc. 22.)

Plaintiff's motion does nothing to counteract the pall that these defenses cast over the prognosis for his case.

**Complexity**: In addition, Plaintiff has failed to show that any difficulty he is experiencing in attempting to litigate this case is derived from the complexity of the issues involved. While most actions, such as the instant case, require development of supporting facts and legal authorities during litigation and a *pro se* litigant will seldom

be in a position to easily research the law and investigate and present at trial the facts to support the case, a demonstration of the need to do so is not sufficient to establish successfully the complexity of the relevant issues.    *Wilborn*, 789 F.2d at 1331. Moreover, such difficulties are not exceptional, but are present in virtually every *pro se* prisoner civil right suit.

Accordingly, the motion will be denied.

## CONTINUANCE

Plaintiff's Motion for Continuance seeks a 60 day extension of all deadlines, citing as cause the breakdown of settlement negotiations.  Defendants have responded voicing no opposition.  (Doc. 32)  While the Court does not wish to discourage settlement negotiations, they are not of themselves a cause to reset the Court's schedule. Moreover, Plaintiff offers nothing in particular to show that the time made available was inadequate, or that the time remaining is unexpectedly inadequate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Appointment of Counsel, filed February 27, 2012 (Doc. 30) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance, filed February 27, 2012 (Doc. 31) is **DENIED**.

Dated: February 28, 2012

James F. Metcalf
United States Magistrate Judge

11-0737-030o Order 12 02 28 on Motion to Reconsider Appointment of Counsel.docx